[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 22, 2010
JOHN LEY
CLERK

No. 10-13258
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00014-RS-LB-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRENDA LEE MCCALLISTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 22, 2010)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

    Brenda Lee McCallister appeals her sentence of 128-months' imprisonment

after pleading guilty under 21 U.S.C. § 846 to conspiracy to distribute and

possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, and more than 50 grams of actual methamphetamine.  On appeal, she argues that the district court committed clear error by denying her request for a role reduction pursuant to U.S.S.G. § 3B1.2. She believes that the record entitles her to a four-level reduction as a minimal participant in the conspiracy, or, alternatively, a two-level reduction as a minor participant.  We disagree and affirm.

We review a district court's denial of a role reduction for clear error.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir.), *cert. denied*, 130 S.Ct. 2123 (2010).  "[T]he proponent of the downward adjustment bears the burden at all times of establishing her role in the offense by a preponderance of the evidence."  *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).  The district court need not make any specific or supplemental findings prior to its ultimate decision on a defendant's role in an offense.  *Id*. at 939.

Generally, a defendant is responsible for her own acts and those reasonably foreseeable actions taken by others in furtherance of the jointly undertaken criminal activity.  *See* U.S.S.G. § 1B1.3(a)(1)(B).  Nevertheless, a defendant may

be entitled to a role reduction under U.S.S.G. § 3B1.2.[1]  These reductions are available for defendants who participate in the underlying offense in such a way that makes them "*substantially less culpable* than the average participant." U.S.S.G. § 3B1.2, cmt. n.3(A) (emphasis added).

Under § 3B1.2(a),"minimal participant[s]" are eligible for a four-level reduction.  This applies to those defendants that are "plainly among the least culpable" of those involved in the group activity.  U.S.S.G. § 3B1.2(a), cmt. n.4. It can be inferred that a defendant is a minimal participant if she lacks an understanding of the operation of the organization and the activities of others.  *See id*.  Such reductions are to be given "infrequently."  *Id*.

A "minor participant" may be granted a two-level reduction.  U.S.S.G. § 3B1.2(b).  Such a designation is appropriate if a defendant is "less culpable than most other participants, but [her] role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5.

---

[1] In full, U.S.S.G. § 3B1.2 reads:
> Based on the defendant's role in the offense, decrease the offense level as follows:
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

The process for analyzing whether a defendant should receive a § 3B1.2 reduction is well settled. *De Varon*, 175 F.3d at 934.

> "First and foremost, the district court must measure the defendant's role against her relevant conduct, that is, the conduct for which she has been held accountable under U.S.S.G. § 1B1.3. The Guidelines and our case precedent plainly require the district court to undertake this method of analysis in every case where a role adjustment is at issue. Second, where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. These principles advance both the directives of the Guidelines and our case precedent by recognizing the fact-intensive nature of this inquiry and by maximizing the discretion of the trial court in determining the defendant's role in the offense."

*Id*. (internal citations omitted).

Here, McCallister failed to demonstrate that the district court committed clear error. Although much of her argument focuses on the level of involvement of her co-defendant, McCallister fails to diminish her own role in the admitted conspiracy. McCallister repeatedly describes herself only as a "drug mule," but that label fails to capture her involvement in the enterprise. She completed five sales of methamphetamine to one confidential informant in less than two weeks. More than 60 grams of the drugs and $4,700 dollars changed hands in 12 days. Furthermore, she made at least two trips with her co-defendant to purchase

methamphetamine from a supplier. McCallister admitted, in a signed statement, that the government could prove that she conspired with others to possess and distribute more than five-hundred grams of methamphetamine over a five-month period. These undisputed facts demonstrate that McCallister's role and the relevant conduct attributed to her are the same. Therefore, the district court committed no error in determining that a role reduction was not appropriate.

After thoroughly reviewing the record, including the transcript of the sentencing proceedings, we conclude that the district court engaged in a meaningful consideration of McCallister's request for a minimal participant or minor participant reduction and committed no clear error. McCallister's actual role matched the conduct for which she is being held accountable. Despite her repeated emphasis on the need to compare her role with that of her co-defendant, it is always "possible that none are minor or minimal participants." *De Varon*, 175 F.3d at 944. This is such a case.

**AFFIRMED.**